UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:08CR0418 |
| | ) | |
| vs. | ) | |
| | ) | |
| Miguel Ware, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

On October 9, 2008, Magistrate Judge William Baughman ordered that defendant Miguel Ware be detained prior to trial, finding both that Ware is a serious risk of flight and that he will endanger the community. On November 5, 2008, Ware filed a notice of appeal of this pre-trial detention order. For the reasons set forth below, Ware's appeal is denied.

Pre-trial detention is of course governed by 18 U.S.C. Section 3142. While a defendant is presumed innocent, and therefore presumptively entitled to bail, the court may order the defendant detained upon a finding that no condition or combination of conditions will ensure the defendant's appearance and protect the community. In his statement of reasons ordering detention, Magistrate Judge Baughman stated:

The nature of the offense charged involves illegal drugs and a firearm. The weight of the evidence against the defendant is substantial, including a confession. The defendant does not have an extensive criminal history, but, at the time of arrest he was on pre-trial release on a pending charge in state court. He does not have employment.

The Court agrees with the Magistrate Judge's conclusions. The factors to be considered are set forth in 18 U.S.C. Section 3142(g). The following factors weigh heavily in favor of pre-trial detention:

1. Ware is charged with serious drug trafficking and firearms offenses. He is facing two mandatory 5-year sentences, which must be served consecutively. Further he made a statement to law enforcement following his arrest admitting his guilt both to trafficking in crack cocaine and receiving a firearm while under indictment for a felony.

2. Ware allegedly committed the instant offenses while he was out on bond.

3. Ware is unemployed and has no apparent means of support, yet he just bought a 2008 Taurus, which carries a monthly payment of $380 and a monthly car insurance payment of $250.

4. According to the Pre-Trial Services Report, Ware was not truthful to the Pre-Trial Services Officer. While Ware told the officer that

2

he was living with his mother, and she was currently supporting him, Ware was in fact living with his girlfriend and their three-month old son, and Ware's mother stated that she was not supporting him while he attended Cuyahoga Community College.

Accordingly, the Court affirms the order of detention. Ware's lack of candor to the Pre-Trial Services Officer, coupled with the fact that he is facing a 10-year prison sentence for crimes he has admitted, raise concerns about his appearance in court. Further, he is a danger to the community. He allegedly committed these serious offenses while on bail, and he has no apparent lawful means of support, creating the strong inference that he will engage in further criminal activity if he is not detained.

**IT IS SO ORDERED.**

s/ Dan Aaron Polster     11/12/2008
_____
Judge Dan Aaron Polster
United States District Judge